## CRAIN v. WORD.

### Opinion delivered December 17, 1923.

TENANCY IN COMMON—ADVERSE POSSESSION.—Where a cotenant was in adverse possession of land for more than seven years under a claim of ownership, and during that time appropriated the proceeds therefrom to her own use without interference or demand for an accounting by her cotenants, such conduct was inconsistent with an occupancy by cotenancy, and was sufficient to put other cotenants on notice that her possession was adverse.

Appeal from Cleveland Chancery Court; *Mike Danaher*, special chancellor; affirmed.

*George Brown*, for appellant.

The finding and decree of the court is not supported by the evidence. 122 Ark. 67. The testimony of Mrs. Rebecca Word was incompetent. 151 Ark. 102. Her testimony should have been disregarded. 132 Ark. 403. Mere preponderance is not sufficient to show the execution of a deed. 89 Ark. 42; 158 Ark. 4. The deed was never actually delivered. 98 Ark. 466; 100 Ark. 427; 142 Ark. 311. The description of the land was insufficient. 119 Ark. 128. Defendant's occupancy of the lands was not hostile. 125 Ark. 181. Renting the lands and collecting the rents, with knowledge of plaintiffs, was not such a hostile act as would put the statute in operation. 99 Ark. 84.

*Woodson Mosley,* for appellee.

The deed was executed and delivered. 77 Ark. 89; 97 Ark. 283; 108 Ark. 53; 110 Ark. 425. The instrument was a deed, and not testamentary. 74 Ark. 104. Plaintiffs are barred by limitations. 111 Ark. 305; 50 Ark. 340. Plaintiffs are barred by laches. 75 Ark. 312; 101 Ark. 230; 103 Ark. 58; 112 Ark. 467; 110 Ark. 24.

HUMPHREYS, J. Appellants instituted a joint suit in ejectment, in the circuit court of Cleveland County, against appellees, to recover seven-eighths of 160 acres of land in said county, particularly described in the complaint, alleging that appellants and appellees are the only heirs of Warren Crain, who died intestate in 1890, leaving as a part of his estate said tract of land; that appellee, Martha Word, is a tenant in common with them in said tract, owning an undivided one-eighth interest therein, but that recently she had asserted the ownership to the whole tract and had executed a deed for same to her codefendant and son, Warren Word; that said appellees are in possession thereof, disputing appellants' rights therein.

Appellees filed an answer admitting the kinship of appellants and appellees to their ancestor, Warren Crain, in the degrees alleged, and that he died intestate, but denying appellants' ownership to any interest in said land. They pleaded three defenses to the alleged cause of action: limitations, laches, and a deed of conveyance from Warren Crain to Martha Word, which, they alleged, was destroyed, after delivery by the grantor, at the suggestion of his son.

On motion of appellees the cause was transferred, over the objection of appellants, to the chancery court of said county, where, upon a trial of the cause, a decree was rendered dismissing the complaint of appellants for the want of equity, and vesting the title to said real estate in appellee, Warren Word, as grantee of his mother, Martha Word. From that decree an appeal has been duly prosecuted to this court for trial *de novo*.

A large part of the testimony was directed to the issue of whether a deed to the land was executed and delivered by Warren Crain in his lifetime to Martha Word. We shall not attempt to set out the testimony bearing upon this issue, as we have concluded, after, a careful reading thereof, it is insufficient, under the law, to support a finding that the deed, if executed, was delivered. We think, however, the decree of the chancery court was warranted under the testimony responsive to the issue of limitations. Martha Word and Warren Word, her son, both testified that she moved upon the place with her family in 1892, under claim of ownership, and openly, continuously and adversely occupied same, claiming title thereto, until she conveyed said land to her co-appellee, since which time he has occupied same adversely, claiming title thereto; that, during the time of their respective occupancies, each managed, controlled, repaired, improved, and paid taxes upon the property; that they either cultivated it themselves or rented it to parties who paid them rent, and were never called upon to render an accounting to appellants, although appellants resided in the neighborhood during the entire time; that their title was never questioned by appellants until some time in the year 1920, when the lands became valuable on account of the discovery of oil in the vicinity; that on the 13th day of September, 1921, after the refusal of appellee, Martha Word, to divide the money obtained for oil leases thereon, appellants instituted this suit in ejectment.

The testimony introduced by appellants upon the issue was, in the main, of a negative nature. It was to the effect that they never heard appellees assert or claim title to the land until the last few years. Two witnesses had testified that Warren Word said to them that, after his mother died, the appellants might have the land. His explanation, however, concerning this bit of evidence was that he proposed to them, if they would not disturb his mother in her old age, by claiming the

land or bringing suit against her, he would move off the land when she died and allow them to take it, but appellants would not entertain his proposition.

We think the direct and positive testimony of appellees, to the effect that Martha Word held adverse, open, notorious, and continuous possession of the land for more than seven years, under claim of ownership, must be accepted as true. The great length of time she occupied the land and the appropriation of the proceeds therefrom for her own use, without interference or a demand for an accounting, is a very potent circumstance in support of the testimony of herself and son as to the character of her possession and claim. Her management and control of the place, under the circumstances, was inconsistent with an occupancy by cotenancy, and was sufficient to put appellants upon notice that her possession and claim was adverse to them.

The decree is therefore affirmed.